UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **TYRONE HURT,** | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 13-11800-DJC |
| **D.C. PAROLE BOARD,** | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                            November 20, 2013

On July 18, 2013, Tyrone Hurt, a resident of Washington, D.C., submitted filed a handwritten complaint against the D.C. Parole Board. D. 1. Through this action, plaintiff seeks the abolishment of the parole board. Id. at p. 4.

The Court's records indicate that plaintiff is a frequent filer of frivolous litigation, under both the surnames Hurt and Hunt. In fact, last year he filed a similar action seeking the abolition of the United States Parole Commission because it is not mentioned in the United States Constitution. See Hunt v. United States, No. 12-02470-CW (N.D. Calif. 2012).

More importantly, plaintiff has had filing restrictions imposed upon him by the federal district courts for the District of Columbia, the Eastern District of California and, most recently, this Court. See 06/20/13 Order, Docket No. 5, Hunt v. All Neo-Nazis, C.A. No. 13-11321-RWZ (referencing plaintiff's litigation history and enjoining plaintiff from filing new cases in the District of Massachusetts without first submitting a written petition seeking leave to do so, and obtaining permission from the court); 06/20/13, Docket No. 5, Hunt v. D.C. Metropolitan Police Dep't, C.A. No. 13-11323-RWZ; 06/20/13, Docket No. 4, Hunt v. Hon. Colleen Kollar-Kotelly, C.A. No. 13-

11324-RWZ.

A district court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton or oppressive behavior.  See Chambers v. Nasco, Inc., 501 U.S. 32, 46-50 (1991).  This Court also has inherent authority to review a case to determine, among other things, whether or not it is frivolous as that term is used in legal parlance.  See Bustos v. Chamberlain, 2009 WL 2782238, *2 (D.S.C. 2009) (noting that the court has inherent authority "to ensure a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous") citing, inter alia, Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 307–308.

I find that the instant action is one that is encompassed by Judge Zobel's Order enjoining plaintiff's filing of new actions without getting leave of court to do so.  I further find that plaintiff has failed to comply with the directives contained therein.  To the extent that Hurt seeks leave to file this new action (see p. 1 of D. 1),  I decline to permit him leave to do so in regard to his alleged claim.  At this juncture, it appears that his claim is frivolous and fails to state any plausible claim upon which relief may be granted, where Hunt's complaint seeks to abolish the D.C. Parole Board.  See D.C. Code § 24-131(a), (b).

Based on the foregoing, it is hereby Ordered that this action is DISMISSED.  Hurt is reminded that he is subject to the Order enjoining him from filing any future action in this court without seeking leave of court to do so.  The Clerk shall send with this Memorandum and Order a copy of the June 20, 2013 Order.

**SO ORDERED.**

/s/ Denise J. Casper
Denise J. Casper
United States District Judge